# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| PALANI KAUPAIYAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ATLANTIC REALTY DEVELOPMENT CORP. AND MIDDLESEX MANAGEMENT,<br><br>　　　　Defendants. | Civil Action No.<br><br>2:18-CV-12532-ES-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION TO TRANSFER FROM STATE COURT**<br><br>**[D.E. 32]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

　　Before the Court is Plaintiff, Palani Kaupaiyan's ("Mr. Kaupaiyan") "motion to…remov[e] and transfer" a separate civil action filed by Defendant Oak Tree Village Associates, LLC ("Oak Tree") to this Court from the Superior Court of New Jersey, Middlesex Vicinage.[1] Defendants Oak Tree, Atlantic Realty Development Co., Inc., and Middlesex Management, Inc. (collectively, "the Atlantic Realty Defendants") opposed.[2] The Honorable Esther Salas, U.S.D.J., referred the instant matter to the undersigned.[3] After considering the parties' respective submissions and oral

---

[1] (ECF Docket Entry ("D.E.") 32, Mot. to Remov[e]). The Court will refer to documents by their document entry number and page numbers assigned by the Electronic Case Filing System. The Court notes that Plaintiff has spelled his surname "Karupaiyan" in the body of the Complaint but as "Kaupaiyan" in the caption of his pleading. The Court will use the spelling within the caption. The parties may file a consent order to change the caption if desired.

[2] (D.E. 36, Letter).

[3] Local Civil Rule 72.1(a)(2).

argument on December 9, 2019, for the reasons set forth herein, Mr. Kaupaiyan's motion to transfer or remove is procedurally and substantively defective.

## I.     BACKGROUND AND PROCEDURAL HISTORY[4]

The above-captioned matter arises from a landlord-tenant dispute brought by Mr. Kaupaiyan against the Atlantic Realty Defendants and Defendant D & G Towing in August of 2018. Mr. Kaupaiyan alleges causes of action against the Atlantic Realty Defendants and D & G Towing under several federal statutes, including the Fair Housing Act, the Civil Rights Act of 1866, the Civil Rights Act of 1964, and the Americans with Disabilities Act.

On April 26, 2019, Oak Tree filed a civil action, *Oak Tree Village v. Palani Kaupaiyan* ("the state law action"), against Mr. Kaupaiyan for unpaid rent in the Superior Court of New Jersey, Middlesex Vicinage. On May 13, 2019, Mr. Kaupaiyan filed the instant motion to remove and transfer the state law action to this Court.[5]

## III. LEGAL STANDARD

Mr. Kaupaiyan's removal and transfer motion is procedurally and substantively defective. A removal had to be filed as an independent action, but instead, Mr. Kaupaiyan filed for a transfer within an existing action. Section 1404 only allows a district court to transfer a case to any venue where it may have been brought "for the convenience of parties and witnesses, in the interest of justice."[6] The threshold inquiry on a motion to transfer venue is whether the transferee district is

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 32, Mot. to Remov[e] or Transfer).

[6] 28 U.S.C. § 1404(a).

2

a "district in which this action might have been brought."[7] The moving party bears the burden of proving[8] that the alternative venue is adequate.[9] This district is not an adequate venue because we lack jurisdiction over the state court action.

1. <u>Diversity Jurisdiction</u>

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, ... and is between ... citizens of different States...."[10] Mr. Kaupaiyan does not claim the amount in controversy in the state law action exceeds $75,000, nor does he contend the parties are citizens of different states. In fact, it is clear on the face of the state law action's complaint that the amount sought is $1,366.40.[11] Thus, diversity jurisdiction does not exist.

It should be noted that even if diversity jurisdiction were to exist, the state action could not be removed or transferred on that ground. Diversity is precluded if a defendant is a citizen of the state in which the plaintiff originally filed the case.[12] The state law action originated in New Jersey state court. Mr. Kaupaiyan, the defendant in the state law action, is a citizen of New Jersey and

---

[7] 28 U.S.C. § 1404(a); *see also Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006).

[8] *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *LG Elecs. v. First Int'l Comput.*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001).

[9] *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993).
[10] 28 U.S.C. § 1332(a).

[11] (D.E. 32, Mot. to Remov[e] at 7).

[12] *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir.1997); 28 U.S.C. § 1441(b)(2).

therefore, a resident of this forum. Therefore, the state law action cannot be transferred or removed to this Court even if the parties were diverse.[13]

2. Federal Question: Well-Pleaded Complaint Rule

In the absence of diversity jurisdiction, a complaint must present a question implicating federal law.[14] To determine whether a "claim is one 'arising under' federal law," the complaint must affirmatively allege a federal claim as provided by the "well-pleaded complaint rule."[15] Under the rule, the plaintiff is "the master of the claim" and "he or she may avoid federal question jurisdiction by exclusive[ly] rel[ying] on state law."[16] Accordingly, a case is not removable by a defendant on the basis of a federal defense.[17] This is true "even if the plaintiff's complaint anticipates such defense," and "even if both parties concede that the federal defense is the only question truly at issue."[18]

Here, the state law action is a landlord-tenant matter for the nonpayment of rent. Mr. Kaupaiyan has not asserted that the state law action arises under federal law. Rather, he seeks

---

[13] See Gilbert v. Heine, No. 13–4756 ES, 2014 WL 145285, at *4 (D.N.J. June 9, 2014)(quoting Richards v. I–Flow Corp., No. 094002, 2010 WL 2516808, at *1 (D.N.J. June 11, 2010)).

[14] See Mitsui O.S.K. Lines, Ltd. v. Evans Delivery Co., 948 F.Supp.2d 406, 410 (D.N.J.2013) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

[15] Constantino, 2014 WL 2587526, at *2 (citing Beneficial Nat'l Bank v. Anderson, 538 U.S. 1, 6 (2003)); see also Green Tree Servicing LLC v. Dillard, No. CIV.A. 14–8058 JBS, 2015 WL 849044, at *2 (D.N.J. Feb. 27, 2015).

[16] Constantino, 2014 WL 2587526, at *2 (citing Caterpillar Inc., 482 U.S. 386 at 392).

[17] Id.

[18] Bank of New York Mellon Trust Co., Nat. Ass'n v. Poczobut, No. CIV.A. 13–3303 SRC, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (quoting Caterpillar, Inc., 482 U.S. at 393). See also Green Tree Servicing LLC, 2015 WL 849044, at *2.

transfer or removal on an apparent defense: that Oak Tree filed the state law claim "for retaliation purpose[s]" and to "further harass[] and damag[e]" Mr. Kaupaiyan.[19] Even with this Court's construction that Mr. Kaupaiyan intended to implicate the Fair Housing Act's provisions against retaliation, such a defense does not invoke a federal question. Therefore, the state law action may not be transferred or removed on the basis of federal question jurisdiction.

## III. CONCLUSION

For the foregoing reasons, Mr. Kaupaiyan's motion to transfer or remove shall be **DENIED**.[20]

### ORDER

**IT IS** on this Monday, December 09, 2019 ordered that Plaintiff Kaupaiyan's motion to transfer or remove is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/9/2019 3:50:13 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
   File

---

[19] (D.E. 32, Mot. to Remove[] at 2, 4).

[20] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).

5